IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WARREN B. KATZ, #86470-022, | CIV. NO. 09-00042 HG-KSC |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION THAT ACTION BE DISMISSED FOR FAILURE TO PROPERLY SERVE DEFENDANTS |
| UNITED STATES OF AMERICA, BUREAU OF PRISONS, OTHER KNOWN AND UNKNOWN UNNAMED PERSONS, | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION THAT ACTION BE DISMISSED
FOR FAILURE TO PROPERLY SERVE DEFENDANTS**

On January 29, 2009, pro se plaintiff Warren B. Katz, a prisoner incarcerated at the Federal Detention Center in Honolulu, Hawaii, submitted a civil rights complaint alleging various violations of his religious freedom against Defendants United States of America, Federal Bureau of Prisons, and "Other Known and Unknown Unnamed Persons." (Doc. No. 1.) Plaintiff has paid the $350.00 filing fee for commencing this action. (Doc. Nos. 3, 4.) On June 9, 2009, the Honorable Helen Gillmor signed an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to timely serve Defendants since over 120 days had passed since the Complaint was filed and it did not appear that Defendants were served. (Doc. No. 8.)

On June 17, 2009, Plaintiff filed an "Answer to Order" stating that "he served the U.S. Attorney and the Attorney General as noted on the Certificate of Service" and "[t]he U.S.

Attorney's office had received the copies of Notice of a Lawsuit and Request to Waive Service of a Summons (form A0398) and Waiver of the Service of Summons (form A0399) and the U.S. Attorney's office subsequently informed the plaintiff that there was no need to send him the forms and that the plaintiff was to follow Rule 4 of the Federal Rules of Civil Procedure." (Doc. No. 9.) Plaintiff also stated that he "wrote to the Clerk of the Court and requested additional copies of [forms A0398 and A0399]" and "[u]pon receiving the forms, the plaintiff mailed off two copies each of the . . . forms to the Warden, Linda McGrew." (Id.) Plaintiff argues that he sent one set of forms including a copy of the complaint regarding the instant case and a set second of forms regarding a petition for habeas corpus relief. (Id.) Plaintiff asserts that "[i]t's obvious that the warden received all of the complaints because the U.S. Attorney's office had answered the Habeas Corpus § 2241, but not this complaint." (Id.)

The Honorable Kevin S.C. Chang signed Orders Regarding Service of Complaint stating that "Plaintiff's arguments in his 'Answer to Order' do not establish that he properly served Defendants," and required the United States Attorney's Office for the District of Hawaii and Warden Linda McGrew of the Federal Detention Center in Honolulu, Hawaii, to enter a special appearance in the action in order to file a reply to Plaintiff's

Answer.  (Doc. Nos. 10, 11.)  On July 8, 2009, Assistant United States Attorney Edric M. Ching specially appeared on behalf of the United States and Federal Bureau of Prisons and filed Defendants' "Reply to Plaintiff's Answer to Order Filed June 17, 2009."  (Doc. Nos. 12, 13.)  On July 9, 2009, Plaintiff filed a document entitled "Second Attempt to Serve Warden Linda McGrew" stating that he attempted to serve the Complaint on Warden Linda McGrew "via U.S. Mail."  (Doc. No. 15)

The court FINDS that it has been over six months since the Complaint was filed and Plaintiff has neither perfected service on Defendants, nor shown good cause for his failure to do so.  As such, the court RECOMMENDS that the action be dismissed without prejudice.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(i), a party seeking to serve the United States must serve a copy of the summons and complaint (1) personally delivered to the United States Attorney (or designee) for the district where the case is brought or sent to the civil process clerk for that district's U.S. Attorney's Office by registered or certified mail and (2) by certified or registered mail to the United States Attorney General.  Fed. R. Civ. P. 4(i).  To serve an agency of the United States or an officer or employee sued in an official capacity, a plaintiff must satisfy the Rule 4(i)(1) requirements for serving the United States and further send the summons and complaint to

the agency, officer or employee by registered or certified mail. Fed. R. Civ. P. 4(i)(2).

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extent the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  A two-step analysis is required in deciding whether to extend the prescribed time period for service of a complaint under Rule 4(m).  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m); Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period."  In re Sheehan, 253 F.3d at 512.  "Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  Id.

The Ninth Circuit has recognized that, "'[a]t a minimum, good cause means excusable neglect.'"  Id. (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)).  In order to show good cause, a plaintiff may be required to show the following: "'(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were

4

dismissed.'"  In re Sheehan, 253 F.3d at 512 (quoting Boudette, 923 F.2d at 756).

In the absence of good cause, a district court is permitted to either dismiss the action without prejudice or grant an extension of time.  In re Sheehan, 253 F.3d at 512.  In making its extension decision, a district court should consider the following factors: "'statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)).  Under Rule 4(m), "[d]istrict courts have broad discretion to extend time for service."  Efaw, 473 F.3d at 1041.

## II. DISCUSSION

### A. Defendants United States And Federal Bureau Of Prisons

Plaintiff has failed to properly serve Defendants United States and Federal Bureau of Prisons in accordance with Rule 4(i).  Plaintiff argues that he properly served Defendants, and does not provide any excuse, or showing of good cause, for his failure.  Plaintiff sent the United States Attorney's Office for the District of Hawaii and Warden Linda McGrew the Notice of Lawsuit and Request to Waive Service of a Summons forms dated February 9, 2009, and March 9, 2009, respectively, explaining that they were required to return the waiver of service forms to him within thirty days.[1]  (Defs.' Reply to Pl.'s Answ. to Order

---

[1] According to Defendants, on March 13, 2009, Federal Bureau of Prisons forwarded copies of the documents it received from Plaintiff to the United States Attorney's Office for the District of Hawaii.  (Defs.' Reply to Pl.'s

5

Filed June 17, 2009, Exs. A, C.)  By letter dated February 19, 2009, the United States Attorney's Office for the District of Hawaii informed Plaintiff that he did properly serve the United States with the Complaint.  (Id., Ex. B.)  The letter further informed Plaintiff that "the waiver provisions of Rule 4(d) do not apply to the United State.  Therefore, please effect service on defendants, as required by Rule 4(i)."  (Id.)

When Plaintiff did not receive signed Waiver of Service forms from Defendants United States and Federal Bureau of Prisons on March 9, 2009, and April 9, 2009, respectively, and received the February 19, 2009 letter from the United States Attorney's Office for the District of Hawaii instructing him that the waiver provisions of Rule 4(d) do not apply to the United States, it was his obligation to perfect service by the May 29, 2009 deadline, or move for an extension of time to serve these Defendants. Plaintiff failed to do either and, in fact, still asserts that he effected proper service even after receiving the Court's Order to Show Cause why this action should not be dismissed for Plaintiff's failure to timely serve Defendants.  By arguing that he did properly effect service, Plaintiff fails to make any showing of good cause, namely, that Defendants received actual notice of the lawsuit; that they would suffer no prejudice; and he would be severely prejudiced by dismissal of his Complaint.

---

Answ. to Order Filed June 17, 2009, p. 4.)

It appears that Plaintiff misunderstands the proper procedure for serving the United States and Federal Bureau of Prisons under Rule 4(i); however, inadvertence or ignorance of the governing rule alone does not constitute good cause. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); see also Al-Hizbullahi v. Bleisner, No. 04-4903 MMC-PR, 2009 WL 1855234, at *3 (N.D. Cal. June 29, 2009) ("While plaintiff's arguments reflect his apparent misunderstanding of the proper procedures to be used under Rule 4(d), such arguments do not demonstrate excusable neglect."); Akers v. Keszei, No. 07-00572 JCM-GWF, 2009 WL 1530819, at *2 (D. Nev. June 1, 2009) (stating that "the Court will not instruct a plaintiff on how to litigate his case or on the requirements of service under the Federal Rules of Civil Procedure"). Consequently, Plaintiff fails to show good cause for his failure to properly serve Defendants United States and Federal Bureau of Prisons.

Since there is no showing of good cause, the court has the discretion to dismiss the action without prejudice or to extend the time period. In re Sheehan, 253 F.3d at 512. The court's discretion is broad. Id.; Efaw, 324 F.3d at 1041. The Ninth Circuit acknowledged that it has "not addressed what factors a court should consider when deciding to exercise its discretion under Rule 4(m)" and specifically ruled that district courts are not required to follow any specific test. In re Sheehan, 253 F.3d at 512 ("We find it unnecessary . . . to

articulate a specific test that a court must apply in exercising its discretion under Rule 4(m).").

In this case, the court refuses to grant a discretionary enlargement of time for service.  The court FINDS that this action has been pending since January 29, 2009, without Plaintiff following the proper procedures for service upon the United States and Federal Bureau of Prisons as required by Rule 4(i).  Even though Plaintiff has been advised on numerous occasions to follow the requirements of Rule 4, he still inexplicably fails to do so.  The court further FINDS that Plaintiff has not provided a justifiable excuse showing good cause for his failure to properly effect service.  As such, pursuant to Federal Rule of Civil Procedure 4(m), the court RECOMMENDS DISMISSAL of the claims against Defendants United States and Federal Bureau of Prisons without prejudice.

**B.  Defendants "Other Known And Unknown Unnamed Persons"**

As of the date of this Order, the "Other Known and Unknown Unnamed Persons" Defendants have not been identified and there is no indication that they have been served.  Even though the court's June 9, 2009 Order to Show Cause required Plaintiff to show why this action should not be dismissed for his failure to timely serve Defendants, Plaintiff's "Answer to Order" only addressed service regarding the United States and Federal Bureau of Prisons, and did not mention the unnamed Defendants.  Nevertheless, the court's analysis of Rule 4(m) applies with equal force to Plaintiff's claims against the unnamed Defendants.

See Scott v. Hern, 216 F.3d 897, 911-12 (10th Cir. 2000) (upholding dismissal of an action against John and Jane Does for failure to effect timely service under Rule 4(m)); Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (referring to Rule 4(m) stating that "authorities clearly support the proposition that John Doe defendants must be identified and served within 120 days of the commencement of the action against them"); see also Sedaghatpour v. California, No. 07-01802 WHA, 2009 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("[T]he Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m).").

Pursuant to Rule 4(m), the court FINDS that Plaintiff failed to identity any of the "Other Known and Unknown Unnamed Persons" Defendants and serve them within the time period proscribed by Rule 4(m). The court further FINDS that Plaintiff has not shown good cause for extending the time for service. The court RECOMMENDS dismissal of the claims against Defendants "Other Known and Unknown Unnamed Persons" without prejudice to Plaintiff filing a new action if he discovers the identities of these Defendants.

### III.  CONCLUSION

The court FINDS that it has been over six months since the Complaint was filed and Plaintiff has neither perfected service on Defendants, nor shown good cause for his failure to do so. As such, the court RECOMMENDS that the action be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, August 6, 2009.

   

_____
Kevin S.C. Chang
United States Magistrate Judge

Katz v. McGrew 09-00042 HG-KSC; ORDER DISMISSING ACTION; prose attnys\F&R\KAM\2009\Katz v. U.S. 09-42 KSC (Dismiss Defs Fail Serve)